IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEITH MCKINNEY #A6034607,<br><br>    Plaintiff,<br><br>    vs.<br><br>MR. P, MICHEAL SWEETMAN, HENRY TING, FACEBOOK,<br><br>    Defendants. | CIV. NO. 15-00513 LEK/RLP<br><br>DISMISSAL ORDER |

### DISMISSAL ORDER

Before the court is pro se Plaintiff Keith McKinney's prisoner civil rights complaint. Compl., Doc. No. 1. Plaintiff names Honolulu City and County Police Officer "Mr. P.," Deputy Prosecutor Michael Sweetman,[1] Deputy Public Defender Henry Ting, and Facebook as Defendants to this action. Plaintiff alleges Defendants lied, arrested him without probable cause, maliciously prosecuted him, denied him due process, and withheld and tampered evidence before and

---

[1]The court refers to Deputy Prosecutor Michael Sweetman's name as it appears in public records.

during his recent criminal trial. Plaintiff seeks $5 million in damages for his allegedly illegal conviction.

Plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). This action is DISMISSED without prejudice as frivolous and for failure to state a cognizable claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).

## I. SCREENING

The court must screen all civil actions brought by prisoners proceeding in forma pauperis or seeking redress from a government entity, officer, or employee. 28 U.S.C. §§ 1915(e)(2) & 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. §§ 1915(e)(2) & 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted if a plaintiff

fails to allege "grounds" that show his "entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). When it is clear the complaint cannot be saved by amendment, however, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.   DISCUSSION

Public records show that Plaintiff was convicted by jury trial in the Circuit Court of the First Circuit, State of Hawaii, of three counts of sexual assault. *See* Hawai'i Public Access to Court Information, avail.: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm ("Ho`ohiki"), *State v. McKinney*, 1PC14-000315, Dkt. 51-

52 (Haw. Cir. Ct., Oct. 7, 2014) (last visited Jan. 8, 2016).[2]  Judgment of conviction and sentence were entered on June 17, 2015.  *Id.*, Dkt. No. 70.  Notice of appeal was filed on July 21, 2015, and the case is currently pending before the Intermediate Court of Appeals in CAAP-15-0000537.  *Id.* Dkt. 75.  Plaintiff was represented at trial by Deputy Public Defender Henry Pei-Hsin Ting; the State was represented by Deputy Prosecutor Michael James Sweetman.  *See id.*  Plaintiff is represented on appeal by Walter Julio Rodby, Esq.

In *Heck v. Humphrey*, the United States Supreme Court held that "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence

---

[2] A court may take judicial notice of a fact that is not subject to reasonable dispute because it 1) is generally known within the court's territorial jurisdiction or 2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *see also Roberson v. City of L.A.*, 220 F. App'x 522 (9th Cir. 2007) (taking notice of state court docket).

has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. 512 U.S. at 486-87; *see also Bradford v. Schershlight*, 803 F.3d 382, 386 (9th Cir. 2015) (discussing *Heck's* "well-known rule that when an otherwise complete and present cause of action would impugn an extant conviction, accrual is deferred until the conviction or sentence has been invalidated").

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

Plaintiff is clearly challenging issues that relate to his criminal conviction and he seeks damages. He has the opportunity to do so on appeal, and may in fact

be pursuing the claims he presents here in the Hawaii appellate court.  His conviction and sentence have not been overturned and success here would necessarily impugn Plaintiff's conviction.  This action must be dismissed without prejudice.  *See Wallace v. Kato*, 549 U.S. 384, 394 (2007).

### III.   28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing proceeding in forma pauperis if the prisoner has brought three or more actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim.  28 U.S.C. § 1915(g).  This is known as the "three-strike" rule.

The Ninth Circuit Court of Appeals has not addressed whether a complaint dismissed under *Heck* constitutes a strike.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1052, n.2 (9th Cir. 2007).  In *Heck*, however, the Supreme Court stated that its ruling was based on a denial of "the existence of a cause of action."  *Heck*, 512 U.S. at 489.  Several other circuits have held that *Heck* dismissals constitute

dismissals for failure to state a claim.  *See e.g.*, *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312-13 & n.3 (10th Cir. 2011) ("whether [inmate's] claims . . . were dismissed as premature under *Heck*, or as time-barred based on his own allegations, they were dismissed for failure to state a claim, and the dismissal is a strike under § 1915(g)."), *cert. denied*, 132 S. Ct. 381 (2011);  *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248, 1249 (10th Cir. 2007); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim.").

    Many district courts within the Ninth Circuit have similarly found that actions barred under *Heck* constitute a strike.  *See e.g.*, *Hardaway v. Days*, 2015 WL 6954960, at *2 (N.D. Cal. Nov. 10, 2015); *Cowan v. Bullock*, 2015 WL 4218522, at *4 (D. Mont. July 10, 2015); *Romero v. United States, et al.*, 2011 WL 1261293, at *5 (D. Ariz. Apr. 5, 2011); *Ransom v. Sec'y*

*of Dep't of Corr.*, 2010 WL 3371313, at *1 (E.D. Cal. Aug. 26, 2010); *Houston v. Schwarzenegger*, 2009 WL 3487625, at *4 (E.D. Cal. Oct. 23, 2009).

This Court is persuaded by this authority and notifies Plaintiff that this dismissal constitutes a strike under 28 U.S.C. § 1915(g), unless it is overturned on appeal.

## IV.   CONCLUSION

(1) Plaintiff's Complaint and action are DISMISSED without prejudice for failure to state a claim and as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).  This defect cannot be cured by amendment and this dismissal is without leave to amend.

(2) Because the Complaint lacks arguable substance in law or fact, the Court certifies that any appeal of this decision would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A).

(3) Any pending motions are DENIED.  The Clerk is directed to terminate this case and enter judgment.

(4)   Plaintiff is NOTIFIED that this dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 11, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*McKinney v. Mr. P.*, 1:15-cv-00513 LEK/RLP; scrn 2016 McKinney 15-513 lek (Heck bar ftsc dsm)